## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALVIN ANTHONY NEWMAN,

    Petitioner,

    v.

MARYLAND ATTORNEY GENERAL,
HELEN BONILLA,
MANUEL BONILLA,

    Respondents.

Civil Action No.:  CCB-19-3133

## MEMORANDUM

Respondents filed a limited answer asserting that this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed beyond the one-year filing deadline and the claims raised are procedurally defaulted.  ECF No. 4.  Petitioner Alvin Newman filed correspondence in response to the answer, attempting to address the untimeliness of his petition.  ECF Nos. 6-8.  On November 23, 2020, this court issued an order granting Newman an additional 28 days to provide further information regarding his entitlement to equitable tolling of the one-year statute of limitations.  ECF No. 10.  He has filed nothing further in response to the court's order.  For the reasons that follow, the petition shall be dismissed without prejudice for failure to exhaust state court remedies in connection with the claims raised.

### Background

On August 3, 2015, Newman was convicted by jury trial in the Circuit Court for Prince George's County, Maryland of two counts of armed robbery, two counts of simple robbery, three counts of first-degree assault, three counts of use of a firearm in a crime of violence, and one count

of illegal possession of a regulated firearm.  ECF No. 4-1 at 6.[1]  On October 2, 2015, Newman was sentenced to 40 years incarceration, all suspended except 15 years, and 5 years of probation following his release.  *Id*. at 8-9.

On November 12, 2015, Newman filed a notice of appeal.  ECF No. 4-1 at 9.  On April 13, 2016, the Maryland Court of Special Appeals dismissed the appeal for lack of a transcript in the record.  *Id*. at 12; *see also* Md. Rule 8-602(c)(6).  The mandate issued on May 13, 2016.  ECF No. 4-1 at 13.  On December 19, 2016, Newman filed a petition for post-conviction relief which remained pending at the time respondents filed their answer.  *Id.* at 9-11.

Newman filed this federal petition on October 19, 2019.  ECF No. 1 at 7.  He raises the following claims: the police conducted an unfair photo lineup; eyewitness descriptions of the perpetrator were inconsistent; an interrogating officer hypothesized a description of the perpetrator that contradicted the description given by the victims; and the State's delayed discovery response was provided in Spanish even though Newman is not Hispanic, nor does he speak Spanish.  ECF No. 1 at 6.

**Standard of Review**

**I.     Timeliness**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court.  *See* 28 U.S.C. § 2244(d).  This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Pagination cites correspond to the page numbers provided by respondents and not those assigned by the court's electronic docketing system.

> (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a federal habeas petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that extraordinary circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. A federal habeas petition does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 175, 180 (2001) (a federal habeas petition is not an application for State post-conviction or other collateral review within the meaning of § 2244(d)(2) and therefore does not toll the limitation period while it is pending).

## II.    Procedural Default

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies.  *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief).  A procedural default also may occur where a state court declines "to consider the[] merits [of a claim] on the basis of an adequate and independent state procedural rule."  *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim.  *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is

actually innocent.[2]  *See Murray*,  477 U.S. at 495-96 (1986); *Breard*, 134 F.3d at 620.  "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time."  *Breard*, 134 F.3d at 620 (internal quotation omitted).  Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314-15 (1995).

## Analysis

### I.      Timeliness of the Petition

Newman's direct appeal of his conviction was filed on November 12, 2015, forty days after Newman was sentenced on October 2, 2015.  ECF No. 4-1 at 8-9.  Respondents contend that Newman's conviction became final for purposes of calculating his federal habeas deadline on November 2, 2015, thirty days after he was sentenced and the date on which the notice of appeal was due.  The Court of Special Appeals did not dismiss the appeal as untimely; rather, the appeal was dismissed for failure to file a transcript after the appellate court issued an order to show cause why the appeal should not be dismissed, and no response was received.  ECF No. 4-1 at 12.

The applicable Maryland Rule makes dismissal of an appeal that fails to comply with the record requirements discretionary, while a dismissal of an untimely appeal is mandatory. *Compare* Md. Rule 8-602(b) *with* 8-602(c). *See also Town of Cheverly Police Dep't v. Day*, 135 Md. App. 384, 391 (Ct. Spec. App. Md. 2000) (declining to exercise discretion to dismiss appeal for failure

---

[2]       Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief.  *See Murray v. Carrier*, 477 U.S. at 496.  "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."  *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003).  Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

to file a transcript).  Up to and including the date the appeal was dismissed by the Court of Special

Appeals, there remained at least a possibility that the merits of the appeal would be addressed.

This court will therefore analyze the timeliness of the petition for writ of habeas corpus using the

date the mandate issued for the dismissal of the appeal as the operative date.  In other words, the

time during which the direct appeal was pending will not be counted towards the one-year filing

deadline.

The date the mandate issued was May 13, 2016, making the one-year filing deadline May

13, 2017.  However, Newman filed a petition for post-conviction relief on December 19, 2016,

which operates to stay the one-year filing deadline.  *See* 28 U.S.C. § 2244(d)(2).  At the time he

filed his petition in this court, Newman's post-conviction petition remained pending.  The petition

is therefore timely.

## II.      Procedural Default

Respondents assert that the claims raised by Newman in this petition are matters "rooted

exclusively in the original record of trial and, therefore, had to be brought on direct appeal."  ECF

No. 4 at 16.  Respondents further reason that Newman did not raise these claims on direct appeal

and cannot raise them in the context of a post-conviction proceeding under Maryland law.  *See id.*

(citing Md. Code Ann., Crim. Proc. § 7-106(b) (absent special circumstances, claims not raised on

direct appeal are presumptively waived in post-conviction)).  The record does not include a copy

of Newman's direct appeal; however, exhaustion of claims before the state courts requires more

than a perfunctory presentation of the claims to the highest state court with jurisdiction to consider

them.  Exhaustion is required if state remedies are available and meaningful and not so deficient

that they are futile.  28 U.S.C. § 2254(b)(1)(B)(1); *see also Duckworth v. Serrano*, 454 U.S. 1, 3

6

(1981).  Here, the reason Newman's claims were not considered by the Court of Special Appeals was his failure to provide the court with the means to consider his claims, *i.e.*, the trial transcripts.

Newman alleges that his direct appeal was filed late because he was put on lock-up following his trial and could not communicate with counsel.  By the time he had the chance to tell counsel he wanted an appeal, it could not be filed in a timely fashion.  He does not state who his counsel was at the time, nor does he offer an explanation regarding the failure to comply with the briefing requirements in the Court of Special Appeals.  Whether he was denied his right to file a direct appeal is a matter that Newman must pursue in the context of his post-conviction petition. Should he be provided the right to file a belated appeal, the federal habeas filing period would start anew. *See Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009); *see also Frasch v. Peguese*, 414 F.3d 518, 524-25 (4th. Cir. 2005) (stating consideration of belated application constitutes "direct review" for the purposes of 28 U.S.C. § 2244(d)).

To give the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief.  *See Breard*, 134 F.3d at 619 (citations omitted).  The burden of proving that a claim is exhausted lies with the habeas petitioner.  *See Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).  Where, as is the case here, the claims were not exhausted and there is no currently available avenue left for doing so, the separate but related procedural default doctrines applies.  This court may not reach the merits of a procedurally defaulted claim absent cause for the default and prejudice resulting if the claims are not reached. Newman claims in his correspondence to this court that he is actually innocent of the charges for which he was convicted.  ECF Nos. 6, 7, and 8.  Newman's unsupported claim that he is actually innocent does not suffice to establish a gateway claim of actual innocence for purposes of

considering procedurally defaulted claims.  Rather, "a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson,* 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U. S. at 324 (1995)).  New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).   The new evidence must be evaluated with any other admissible evidence of guilt.  *Wilson v. Greene*, 155 F.3d 396, 404-05 (4th Cir. 1998), *appl. for stay and cert. denied sub nom. Wilson v. Taylor*, 525 U.S. 1012 (1998). The new evidence must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence.  *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999).  To invoke the actual innocence exception to the procedural default doctrine, a defendant "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.  Newman presents no new evidence that likely would have resulted in a different verdict had it been presented at trial.

As noted, however, there remains at least a possibility that Newman could be granted a new belated direct appeal, at which point the claims raised in his petition can be exhausted.  Where unexhausted claims are raised in a federal habeas petition, the petition must be dismissed without prejudice for lack of jurisdiction.  This does not, however, relieve Newman of any responsibility to meet filing deadlines for any future habeas petition he might file in this court should circumstances allow.

III.   **Certificate of Appealability**

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Newman may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## Conclusion

By separate order which follows, the petition shall be dismissed without prejudice and a certificate of appealability shall not issue.

February 16, 2021                                                       /s/
Date                                                       Catherine C. Blake
                                                       United States District Judge